<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELIJAH CLARK, | : | Civil No. 11-2156 (SDW) |
| Plaintiff, | : | |
| v. | : | <u>OPINION</u> |
| DIRECTOR AVILES, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

    ELIJAH CLARK, #226359, Plaintiff Pro Se
    Hudson County Correctional Center
    35 Hackensack Avenue
    Kearny, NJ 07032

**WIGENTON**, District Judge:

    Plaintiff, Elijah Clark, who is currently incarcerated at Hudson County Correctional Center ("HCCC") in Kearny, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915, asserting violation of his rights under 42 U.S.C. §1983, arising from his incarceration. This Court will grant Plaintiff's application to proceed <u>in forma pauperis</u>. <u>See</u> 28 U.S.C. § 1915(b). Having reviewed Plaintiff's allegations, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in the Complaint, without prejudice to the filing of an amended complaint (that is complete on its face), and decline to exercise supplemental jurisdiction over claims arising under state law.

...

## I.  BACKGROUND

Elijah Clark brings this Complaint against Oscar Aviles ( Warden of HCCC), Corrections Officers Lt. T. Monteleone, Sgt. Gaines, Sgt. Feldman, C.O. Lisojo, and C.O. Pastrana, alleging violation of his constitutional rights under 42 U.S.C. § 1983 and violation of New Jersey law, while he was incarcerated at HCCC.  Plaintiff asserts the following facts:

> In October 2009, thru January 2011, the defendants engaged in illegal lockdown of the C-5-East cellblock for pretrial detainees without due process of law.  The lockin lasted in excess of 240 days.  Pretrial detainees were locked in the cell 22-hrs a day five days a week, 32 hours 2-days per week.  I was denied complete outdoor outside fresh air recreation from Jan. 2010 to October 2010.  I was locked in my cell as described above from October 2009, then from January 2010 - continuously on a daily basis until September 2010.  Thereafter December 2010, and the practice ceased in January 2011.

(Dkt. 1 at 3.)

Plaintiff states that he suffered the following injuries:  emotional distress, mental anguish and loss protected liberty interests w/out due process of law the confinement complained of was atypical hardship by a pretrial detainee not adjudicated guilty of any crime."  (Dkt. 1 at 3.) Plaintiff seeks compensatory and punitive damages for violation of his constitutional rights. (Dkt. 1 at 15.)

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines

that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  To survive dismissal under Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Iqbal, 129 S. Ct. at 1949 (citation omitted).  Officials may not be held liable under § 1983 for the unconstitutional misconduct of their subordinates.  Id. at 1948-49.  Rather, the facts set forth in the complaint must show that each government-official defendant, through the official's own individual actions, has violated the plaintiff's constitutional rights.  Id.  This Court must disregard labels, conclusions, legal arguments, and naked assertions.  Id. at 1949.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief", and will be dismissed.  Id. (citations and internal quotation marks omitted).

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

The Third Circuit instructs that, to determine the sufficiency of a complaint under the pleading regime established by Iqbal,

> a court must take three steps:  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Township, 629 F. 3d 121, 130 (3d Cir. 2010); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts") (emphasis supplied).  The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

### III.  DISCUSSION

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983.  See Iqbal, 129 S Ct. at 1947-48.  Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

A.  Conditions of Confinement

This Court construes Plaintiff's Complaint as attempting to state a conditions of confinement claim under the Due Process Clause of the Fourteenth Amendment under the standard set forth in Bell v. Wolfish, 441 U.S. 520 (1979), i.e., whether the conditions of confinement amounted to punishment prior to an adjudication of guilt.  As the Supreme Court explained,

> [I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal - if it is arbitrary or purposeless - a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

Bell v. Wolfish, 441 U.S. at 539 (footnote and citation omitted).

The maintenance of security, internal order, and discipline are essential goals which at times require "limitation or retraction of . . . retained constitutional rights."  Bell, 411 U.S. at 546.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  Id. at 540.  "In assessing whether the conditions are reasonably

5

related to the assigned purposes, [a court] must further inquire as to whether these conditions cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." Hubbard v. Taylor, 399 F.3d at 159 (quoting Union County Jail Inmates v. DiBuono, 713 F.2d 984, 992 (3d Cir. 1983)).

The Third Circuit has "distilled the Supreme Court's teachings in Bell into a two-part test. We must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes." Hubbard v. Taylor, 538 F. 3d 229, 232 (3d Cir. 2008) (citation and internal quotation marks omitted). Moreover, the Fourteenth Amendment standard of unconstitutional punishment, like the Eighth Amendment's cruel and unusual punishments standard, contains both an objective component and a subjective component:

> Unconstitutional punishment typically includes both objective and subjective components. As the Supreme Court explained in Wilson v. Seiter, 501 U.S. 294 . . . (1991), the objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" Id. at 298 . . . . The Supreme Court did not abandon this bipartite analysis in Bell, but rather allowed for an inference of mens rea where the restriction is arbitrary or purposeless, or where the restriction is excessive, even if it would accomplish a legitimate governmental objective.

Stevenson, 495 F. 3d at 68.

Objectively, under the Due Process Clause, as well as the Eighth Amendment, prison officials must satisfy inmates' "basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety." Helling v. McKinney, 509 U.S. 25, 32 (1993). To satisfy the objective

component, an inmate must show that he was subjected to genuine privation and hardship over an extended period of time.  See Bell, 441 U.S. at 542 (confining pretrial detainees "in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment"); Hutto v. Finney, 437 U.S. 678, 686-87 (1978) ("the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards.  A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months").

In this Complaint, Plaintiff alleges that his unit was on lockdown for over 240 days and, during this time, detainees had no access to outdoor recreation and they were confined for 16 to 22 hours per day.  Plaintiff's allegations do not satisfy the objective component because they are not sufficiently serious in that they do not show that Plaintiff endured genuine privations and hardship over an extended period of time.  See Hubbard, 538 F. 3d at 235 (holding that triple celling of pretrial detainees and use of floor mattresses did not violate Due Process because the inmates "were not subjected to genuine privations and hardship over an extended period of time"); Foreman v. Lowe, 261 Fed. App'x 401 (3d Cir. 2008) (immigration detainee's confinement in maximum security did not violate due process).  Nor do his allegations satisfy Iqbal's plausibility standard.  Plaintiff complains that the pretrial detainee unit on which he was housed was on lockdown for over 240 days, during which time  detainees had no outdoor recreation.  Although Plaintiff's allegations are consistent with a finding that the lockdown and denial of access to outdoor recreation were arbitrary and purposeless, Plaintiff's allegations are also consistent with restrictions that constitute a rational response by jail officials to an incident

7

or other circumstances warranting a need for heightened security during this period. As written, Plaintiff's allegations do not satisfy the objective component of a conditions of confinement claim under the Due Process Clause of the Fourteenth Amendment.

Nor do Plaintiff's allegations satisfy the subjective component of a conditions of confinement claim under the Due Process Clause. First, an individual defendant in a civil rights action must participate in the alleged wrongdoing, and Plaintiff does not assert facts showing how each named individual defendant participated in the alleged wrongdoing, i.e., arbitrarily placing detainees on lockdown and arbitrarily denying outdoor recreation for 240 days. See Iqbal, 129 S. Ct. at 1948 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). Second, Plaintiff does not assert facts showing that each named individual defendant was deliberately indifferent to his health or safety. To establish deliberate indifference, a plaintiff must set forth facts "show[ing] that the official was subjectively aware" of the allegedly substandard conditions. See Farmer v. Brennan, 511 U.S. 825, 829 (1994). Moreover, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

Here, Plaintiff makes no allegations whatsoever with respect to the subjective component. Moreover, as previously stated, Plaintiff's allegations are consistent with the conclusion that jail officials reasonably responded to a security concern. Because the Complaint makes no factual

8

allegations showing the deliberate indifference of each named defendant, and because vicarious liability does not apply under § 1983, the Complaint fails to satisfy the subjective component of a conditions of confinement claim as to any named individual defendant.  However, because it is conceivable that Plaintiff simply neglected to specify facts that could make out a conditions of confinement claim, this Court will grant him leave to file an amended complaint that is complete on its face stating a conditions of confinement claim under the Due Process Clause and § 1983 against one or more of the defendants named here.

B.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."   Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  United Mine Workers v. Gibbs, 383 U.S. at 726; Growth

Horizons, Inc., 983 F.2d at 1284-1285.  In this case, since this Court is dismissing every claim over which it had original subject matter jurisdiction, this Court declines at this juncture to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

Based on the foregoing, this Court will grant in forma pauperis status, dismiss the federal claims (without prejudice to the filing of an amended complaint that is complete on its face), and decline to exercise supplemental jurisdiction.


        s/Susan D. Wigenton
        **SUSAN D. WIGENTON, U.S.D.J.**

Dated: October 26, 2011